## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

Huber Frescas      :
1325 Riggs Rd, N.W.    :
Washington, D.C. 20009   :
           :
           :   CASE NO.   2017 CA 000591 B
Plaintiff        :
           :   JURY TRIAL DEMAND
v.           :
           :
Officer John Nelson    :
Metropolitan Police Department :
Third District Police Station  :
1620 V Street NW     :
Washington, DC.     :
           :
and         :
           :
Officer Matthew Rider    :
Metropolitan Police Department :
Third District Police Station  :
1620 V Street NW     :
Washington, DC.     :
           :
Defendants.      :

### COMPLAINT

Plaintiff Huber Frescas, through his undersigned counsel, brings this action against Defendants' John Nelson and Matthew Rider, in their individual capacity, to redress deprivations of his civil rights under 42 U.S.C. § 1983 ("Section 1983") and related common law claims. This action for damages arises out of the battery of Mr. Frescas while in the custody of the Metropolitan Police Department ("MPD") by MPD Officers Matthew Rider and Officer John Nelson.

### Facts

1. On January 30, 2016, Defendant Nelson and Defendant Rider saw a physical altercation between Mr. Frescas and another individual.
2. Under oath Defendant Rider described the physical altercation as a disagreement, and testified that the physical altercation was not a fight.
3. Surveillance camera footage exists corroborating all the events that transpired.
4. Defendant Rider and Defendant Nelson then separated the two individuals.
5. Mr. Frescas spoke with Defendant Nelson and asked for Defendant Nelson's



DEFENDANT'S
EXHIBIT
A

badge number.

6. Mr. Frescas takes his cell phone out to take a picture of Defendant Nelson's badge.
7. Defendant Nelson became enraged at Mr. Frescas's taking pictures of his badge, and throws, pushes, and shoves Mr. Frescas into a pile of snow. Mr. Frescas did not resist arrest or act in a manner that would provoke such action.
8. While Mr. Fresca laid in the snow pile, Defendant Nelson punches Mr. Fresca.
9. Defendant Nelson remains on top of Mr. Frescas on the snow pile, with Mr. Frescas lying directly beneath him unable to move.
10. Defendant Nelson then proceeds to knee Mr. Frescas in the groin multiple times.
11. Under oath, Defendant Nelson admitted that the video camera does not show Mr. Frescas grabbing or raising his hands towards Defendant Nelson.
12. Defendant Rider observes Defendant Nelson kneeing Mr. Frescas in the groin, while he lays unable to move.
13. Defendant Rider then placed his knee and body weight onto Mr. Frescas who lay unable to move in the snow pile.
14. Mr. Frescas lays on the ground, unable to move, now with both Defendant Nelson and Defendant Rider on top of him.
15. Surveillance camera footage exists corroborating the brutal assault Defendant Nelson and Defendant Rider committed on Mr. Frescas.
16. Mr. Frescas did not resist.
17. Mr. Frescas tells the police officers "your hurting me" and that he has both his hands behind his back.
18. At the time of arrest, the Defendants acting without probable cause or reasonable belief arrest Mr. Frescas.
19. As a result of the acts and omission of Defendant Rider and Defendant Nelson, Mr. Frescas suffered physical pain, severe emotional distress, and offense to his personal sense of dignity and safety.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction pursuant to D.C. Code § 11–921(a)(6).
21. This Court has personal jurisdiction pursuant to D.C. Code § 13–423(a)(3) as Mr. Fresca is requesting relief from tortious injury caused in the District of Columbia.
22. Venue is proper because the events giving rise to this claim occurred in the District of Columbia.

**Parties**

23. Plaintiff Huber Frescass is an adult African-American male residing in the District of Columbia.

24. Defendant Nelson at all relevant times was a sworn law enforcement officer employed with the Metropolitan Police Department. At all time during the events at issue, Defendant Nelson was acting under the color of law. He is sued in his individual capacity.

25. Defendant Rider at all relevant times was a sworn law enforcement officer employed with the Metropolitan Police Department. At all time during the events at issue, Defendant Rider was acting under the color of law. He is sued in his individual capacity.

**Count 1**
**Battery**
**(Against Defendant Rider and Defendant Nelson)**

26. Plaintiff incorporates paragraphs, 1-19, as fully set forth herein.

27. By engaging in the physical action of pushing, shoving, and throwing, Mr. Frescas into a snow pile and proceeding to knee him in the groin multiple times, Defendant Nelson did intentionally and unlawfully cause unlawful harmful and offensive bodily contact on Mr. Frescas.

28. By engaging in the physical action of placing his knee and body weight on Mr. Fresca who laid unable to move in the snow pile, Defendant Rider did intentionally and unlawfully cause unlawful harmful and offensive bodily contact on Mr. Frescas.

29. At no time did Mr. Frescas consent to such harmful and offensive bodily contact nor did Mr. Frescas act in a manner to provoke such use of force.  Thus, the use of employed was not reasonably necessary.

30. Such intentional touching was harmful, offensive, caused physical pain and injury and offended Mr. Frescass's personal dignity.

**Count 2**
**Assault**
**(Against Defendant Rider and Defendant Nelson)**

31. Plaintiff incorporates paragraphs, 1-19 as fully set forth herein.

32. By engaging in the physical action of pushing, shoving, and throwing, Mr. Frescas into a snow pile and proceeding to knee him in the groin multiple times, Defendant Nelson, intentionally and unlawfully, caused Mr. Frescas an immanent apprehension of harmful and offensive contact.

33. By engaging in the physical action of placing his knee and body weight on Mr. Fresca who laid unable to move in the snow pile, Defendant Rider did intentionally and unlawfully cause unlawful harmful and offensive bodily contact on Mr. Frescas.

34. Because of such action, Mr. Frescas suffered physical and emotional injury.

### Count 3
### 42 U.S.C. § 1983
### Violation Of Fourth Amendment Right Against Excessive Force
### (Against Defendant Rider and Defendant Nelson in their individual capacity)

35. Plaintiff incorporates paragraphs, 1-19 as fully set forth herein.

36. At all times relevant hereto, Plaintiff had the clearly established protections of the Fourth Amendment to the U.S. Constitution – namely, the protection against excessive force in the course of an arrest or seizure.

37. Mr. Frescas offered no resistance and committed no actions warranting the actions of Defendant Rider or Defendant Nelson. Thus, such force was not warranted under the circumstances.

38. Defendant Rider's and Defendant's Nelson actions were committed with wrongful and malice intent.

39. No reasonable officer in Defendant Rider or Defendant Nelson's position would believe in the lawfulness of such action.

40. Because of the officer's use of excessive force, Mr. Frescas sustained physical and emotional injury.

### Count 4
### False Arrest
### (Against Defendant Rider and Defendant Nelson)

41. Plaintiff incorporates paragraphs, 1-19 as fully set forth herein.

42. Defendant Rider and Defendant Nelson were not justified in arresting Mr. Frescas

43 Defendant Rider and Defendant Nelson did not act with probable cause that Mr. Frescas violated a law or a good faith reasonable belief that Mr. Frescas violated the law.

44. Defendants were not justified in unlawfully and forcefully arresting Plaintiff and unlawfully and forcefully detaining Plaintiff and depriving him of his freedom of movement.

45. As a direct and proximate cause of Defendants' actions, Mr. Frescas suffered physical injury and suffered and will continue to suffer from severe pain, mental anguish and distress

46. As a direct and proximate cause of Defendants' actions, Mr. Frescas was caused economic damages.

### Jury Demand

47. Plaintiff seeks a jury trial on all issues.

**Wherefore,**

FIND that the actions of Defendant Rider and Defendant Nelson, as alleged herein,

4

violated the rights of Mr. Frescas, under the Fourth Amendment to the United States Constitution and the laws of the District of Columbia;

(b) ENTER JUDGMENT awarding plaintiff compensatory and punitive damages against Defendant Rider and Defendant Nelson in an amount appropriate to the evidence adduced at trial, but no less than $500,000.000.

(c) ENTER JUDGMENT awarding plaintiff his costs and reasonable attorneys' fees in this action as provided in 42 U.S.C. § 1988; and

(d) GRANT such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

_____/s/_____

Fareed Nassor Hayat, Esq.
Bar No. 1016198
14908 Notley Rd
Silver Spring, MD, 20905
Fareed.hayat@thepeopleslawfirm.net
323-793-3692

Attorney for Plaintiff



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

HUBER FRESCAS
    Vs.                             C.A. No.     2017 CA 000591 B
Officer MATTHEW RIDER et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge JOHN M CAMPBELL
Date:  January 31, 2017
Initial Conference: 9:30 am, Friday, May 12, 2017
Location:  Courtroom 519
        500 Indiana Avenue N.W.
        WASHINGTON, DC 20001              Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC.  Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.  D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826.  Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office.    The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   'E.   Morin

Caio.doc

Filed
D.C. Superior Court
12/06/2017 16:04PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| HUBER FRESCAS, | ) | |
| | ) | |
| *Plaintiff,* | ) | Civil Case No.  2017 CA 591 B |
| v. | ) | Calendar 13 |
| | ) | Judge John M. Campbell |
| MATTHEW RIDER, et al, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## ORDER VACATING DISMISSAL OF COMPLAINT

On consideration of the plaintiff's "motion to reinstate" (which the Court will take

as a motion to vacate dismissal), it is this 6th day of December, 2017, hereby

**ORDERED**, that the motion is GRANTED; and it is further

**ORDERED**, that the order dismissing the case is vacated; and it is further

**ORDERED**, that the plaintiff shall have 60 days from the date of this order to

serve the defendants; and it is further

**ORDERED**, that a scheduling conference is set for March 2, 2018 at 9:30 a.m.

John M. Campbell
Associate Judge

Copies to:

Fareed Hayat, Esq.
*Via CasefileXpress*

Filed
D.C. Superior Court
09/11/2017 14:38PM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | | |
|---|---|---|
| HUBER FRESCAS, | ) | |
| | ) | |
| *Plaintiff,* | ) | Civil Case No.  2017 CA 591 B |
| v. | ) | Calendar 13 |
| | ) | Judge John M. Campbell |
| MATTHEW RIDER, et al, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

### ORDER

This is before the Court on the plaintiff's "Consolidated Motion to Renew Summons and Motion for Alternative Service."

To the extent plaintiff is asking the Court for leave to employ the supposed "alternative" means of service of leaving the service packets at a police station desk, the motion is DENIED. The plaintiff cites no legal basis for such a request, and the Court knows of none. If eventually he is granted an extension of time to serve, he will have to serve the defendants as specified in Rule 4. Moreover, since his "consolidated" motion to extend time to serve rests on this request for alternative service, it too is DENIED. Finally, since the time to serve expired on June 4, 2017, and has not been extended, the case is DISMISSED without prejudice.

So ordered, this 11th day of September 2017.

John M. Campbell
Associate Judge

Copies to:

Fareed Hayat, Esq.
*Via CasefileXpress*

Filed
D.C. Superior Court
06/26/2017 11:28AM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

**HUBER FRESCAS,**                      )
                                        )
       *Plaintiff,*          )   Civil Case No.  2017 CA 591 B
    v.                             )   Calendar 13
                                        )   Judge John M. Campbell
**MATTHEW RIDER, et al,**               )
                                        )
       *Defendants.*         )
                                        )

## ORDER

Upon consideration of the plaintiff's Motion to Extend Time for Service, which was timely filed on June 7, 2017, and good cause having been shown in accordance with Rule 4(m), it is this 26th day of June, 2017, hereby

ORDERED that the plaintiff's motion is **GRANTED**; and it is further

ORDERED that the plaintiff's time for service of the Complaint and Summons on the defendants shall be extended to August 25, 2017; and it is further

ORDERED that the Initial Scheduling Conference, currently scheduled for June 30, 2017, is vacated; and it is further

ORDERED that a Scheduling Conference in this case will occur on September 15, 2017, at 9:30 a.m. in Courtroom 519.

                                   **John M. Campbell**
                                    Associate Judge

Copies to:

Fareed Hayat, Esq.
*Via CFX*

Filed
D.C. Superior Court
04/07/2017 11:46AM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

HUBER FRESCAS,                        )
                                      )
          *Plaintiff,*                )      Civil Case No.  2017 CA 591 B
     v.                               )      Calendar 13
                                      )      Judge John M. Campbell
MATTHEW RIDER, et al,                 )
                                      )
          *Defendants.*               )
                                      )

## ORDER

Upon consideration of the plaintiff's Motion to Extend Time for Service, which

was timely filed on March 31, 2017, and good cause having been shown in accordance

with Rule 4(m), it is this 7th day of April, 2017, hereby

          ORDERED that the plaintiff's motion is **GRANTED**; and it is further

          ORDERED that the plaintiff's time for service of the Complaint and Summons

on the defendant shall be extended to June 7, 2017; and it is further

          ORDERED that the Initial Scheduling Conference, currently scheduled for May

12, 2017, is vacated; and it is further

          ORDERED that a Scheduling Conference in this case will occur on June 30,

2017, at 9:30 a.m. in Courtroom 519.

**John M. Campbell**
Associate Judge

Copies to:

Fareed Hayat, Esq.
*Via CFX*

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

|  |  |  |
|---|---|---|
| **HUBER FRESCAS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **2017 CA 000591 B** |
| **v.** | ) | **Judge Campbell** |
| | ) | **Initial Conference 3/2/2018** |
| **OFFICER JOHN NELSON** *et. al,* | ) | |
| | ) | |
| **Defendant.** | ) | |

### ANSWER TO COMPLAINT

Defendant Officer John Nelson, through undersigned counsel, hereby answers Plaintiff's complaint as follows[1]:

#### First Defense

The Complaint fails to state a claim upon which relief can be granted.

#### Second Defense

As to each of the numbered paragraphs in the Complaint, the District of Columbia responds as follows:

#### FACTS

1.      Defendant Nelson admits the allegation of Paragraph 1.

2.      Defendant Nelson lacks sufficient information to admit or deny the allegations of Paragraph 2.

3.      Defendant Nelson admits that there is video of the incident but denies that it supports Plaintiff's version of the occurrence.

4.      Defendant Nelson admits the allegation of Paragraph 4.

---

[1] Defendant Officer Matthew Rider upon information and belief has not been served with the complaint.

1

5.  Defendant Nelson admits the allegation of Paragraph 5.

6.  Defendant Nelson admits the allegation of Paragraph 6.

7.  Defendant Nelson denies the allegations of Paragraph 7.

8.  Defendant Nelson denies the allegations of Paragraph 8.

9.  Defendant Nelson denies the allegations of Paragraph 9.

10.  Defendant Nelson denies the allegations of Paragraph 10.

11.  Defendant Nelson denies the allegations of Paragraph 11.

12.  Defendant Nelson denies the allegations of Paragraph 12.

13.  Defendant Nelson denies the allegations of Paragraph 13.

14.  Defendant Nelson denies the allegations of Paragraph 14.

15.  Defendant Nelson denies the allegations of Paragraph 15.

16.  Defendant Nelson denies the allegations of Paragraph 16.

17.  Defendant Nelson denies the allegations of Paragraph 17.

18.  Defendant Nelson denies the allegations of Paragraph 18.

19.  Defendant Nelson denies the allegations of Paragraph 19.

**Jurisdiction and Venue**

20.  Paragraph 20 is a legal conclusion to which a response is not necessary.

21.  Paragraph 21 is a legal conclusion to which a response is not necessary.

22.  Paragraph 22 is a legal conclusion to which a response is not necessary.

**Parties**

23.  Defendant Nelson admits the allegation of Paragraph 23.

24.  Defendant Nelson admits that at the time of the alleged incident he was a sworn officer of the Metropolitan Police Department, and was acting under color of law.

The remaining allegations of Paragraph 24 are legal conclusions, and therefore no response is required.

25.     of the allegations in Paragraph 25 do not concern Defendant Nelson, and therefore no response is required.

### COUNT 1 (Battery)

26     Defendant Nelson incorporates by reference his previous answers to Paragraphs 1-25.

27.     Defendant Nelson denies the allegations of Paragraph 27.

28.     Defendant Nelson denies the allegations of Paragraph 28.

29.     Defendant Nelson denies the allegations of Paragraph 29.

30.     Defendant Nelson denies the allegations of Paragraph 30.

### COUNT 2 (Assault)

31.     Defendant Nelson incorporates by reference previous answers to Paragraphs 1-30.

32.     Defendant Nelson denies the allegations of Paragraph 32.

33.     Defendant Nelson denies the allegations of Paragraph 33.

34.     Defendant Nelson denies the allegations of Paragraph 34.

### COUNT 3 (Fourth Amendment Excessive Force)

35.     The Defendant Nelson incorporates by reference his previous answers to Paragraphs 1-34.

36.     Paragraph 36 is a legal conclusion to which a response is not necessary.  To the extent that a response is necessary, Defendant Nelson denies the allegations of Paragraph 36.

37.     Defendant Nelson denies the allegations of Paragraph 37.

3

38.    Defendant Nelson denies the allegations of Paragraph 38.

39.    Paragraph 39 is a legal conclusion to which a response is not necessary.  To the extent that a response is necessary, Defendant Nelson denies the allegations of Paragraph 39.

40.    Defendant Nelson denies the allegations of Paragraph 40.

### COUNT 4 (False Arrest)

41.    Defendant Nelson incorporates by reference his previous answers to Paragraphs 1-40.

42.    Paragraph 42 is a legal conclusion to which a response is not necessary.  To the extent that a response is necessary, Defendant Nelson denies the allegations of Paragraph 42.

43.    Paragraph 43 is a legal conclusion to which a response is not necessary.  To the extent that a response is necessary, Defendant Nelson denies the allegations of Paragraph 43.

44.    Paragraph 44 is a legal conclusion to which a response is not necessary.  To the extent that a response is necessary, Defendant Nelson denies the allegations of Paragraph 44.

45.    Defendant Nelson denies the allegations of Paragraph 45.

46.    Defendant Nelson denies the allegations of Paragraph 44.

All paragraphs not expressly admitted are hereby denied.

### Third Defense

Defendant Nelson denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.  Defendant Nelson further denies that Plaintiff is entitled to any relief whatsoever.

### Fourth Defense

4

Detective Nelson performed his obligations, if any, towards Plaintiff in accordance with all applicable statutory, regulatory, constitutional, and common law requirements.

### Fifth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries were the result of his own intentional, illegal and/or otherwise wrongful conduct.

### Sixth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of the criminal acts of a person or persons other than Defendant Nelson.

### Seventh Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of his own sole or contributory negligence and/or his assumption of the risk.

### Eighth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of a person or persons other than Defendant Nelson

### Ninth Defense

If Plaintiff was injured or otherwise damaged as alleged in the Complaint, such injuries and/or damages were the result of the Plaintiff's sole, joint, or concurring negligence with a person or persons other than Defendant Nelson.

### Tenth Defense

At all times relevant herein, Defendant acted in good faith and with the reasonable belief that his actions were lawful under the circumstances.

### Eleventh Defense

Defendant Nelson asserts immunity, qualified immunity, absence of bad faith and absence of gross negligence and reckless indifference.

### Twelfth Defense

Acts or omissions of Defendant Nelson were discretionary and/or cannot create liability pursuant to the doctrine of absolute and/or qualified immunity.

### Thirteenth Defense

Plaintiff may have failed to mitigate his damages.

### Fourteenth Defense

Plaintiff's claim may be barred by collateral estoppel and/or res judicata.

### Fifteenth Defense

Plaintiff may have failed to comply with the statute of limitations or his suit barred by the doctrine of laches.

### Sixteenth Defense

Plaintiff is not entitled to punitive damages.

Defendant Nelson reserves the right to amend his Answer to the Complaint and to raise any additional defenses, which the evidence in discovery may reveal.

### Set-off

Defendant Nelson asserts a set-off against any judgment rendered against him for all funds and services provided to or on behalf of Plaintiff, including medical care.

### Jury Demand

Defendant Nelson hereby demands a trial by jury.

WHEREFORE, having fully answered the complaint filed herein Defendant Nelson prays that the same be dismissed, and that it recover its costs of suit expended herein.

Respectfully Submitted,

KARL A. RACINE
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Michael K. Addo
MICHAEL K. ADDO [#1008971]
Chief, Civil Litigation Division, Section IV

/s/ Robert A. DeBerardinis, Jr.
ROBERT A. DEBERARDINIS, Jr. [#335976]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, DC 20001
(202) 724-6642; (202) 741-8895 (fax)
robert.deberardinis@dc.gov
*Counsel for Defendant District of Columbia*

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2018, a copy of the foregoing answer was served upon all counsel of record by filing with CaseFileXpress:

/s/ Robert A. DeBerardinis, Jr.
ROBERT A. DEBERARDINIS, Jr.
Assistant Attorney General

:                                              **For:**
estigations, LLC                               The People's Law Firm

**l upon:**
ew Rider

being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the bou
rvice was effected, I was authorized by law to make service of the documents and informed said person of the contents

**ne / Address:**     Officer Matthew Rider, Company: 1620 V St NW, Washington, DC 20009-2609

**rvice:**            Personal/Individual, Jan 16, 2018, 11:22 pm EST

                     Information Sheet, Summons, Complaint, Intial Order and Addendum, Order Vacating Dismissal of Co
                     Orders (Received Dec 18, 2017 at 9:42am EST)

**mments:**
Attempt: Jan 16, 2018, 11:22 pm EST at Company: 1620 V St NW, Washington, DC 20009-2609 received by Officer Ma
city: Caucasian; Gender: Male;



——————————————————      01/17/2018
                        **Date**

igations, LLC
ad Suite 195
D 20740

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| HUBER FRESCAS ) | |
| ) | |
| Plaintiff, ) | |
| ) | **2017 CA 000591 B** |
| v. ) | **Judge Campbell** |
| ) | |
| OFFICER JOHN NELSON *et. al*, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO DISMISS THE COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS

Defendant Matthew Rider, through counsel, pursuant to SCR-Civil 12(b)(5), moves the Court to dismiss the complaint as to him for insufficient service of process. [1]

In support of his motion, Defendant Rider relies upon the attached memorandum of points and authorities.

March 16, 2018                    Respectfully submitted,

                                 KARL A. RACINE
                                 Attorney General for the District of Columbia

                                 GEORGE C. VALENTINE
                                 Deputy Attorney General, Civil Litigation Division

                                 */s/ Michael K. Addo*
                                 MICHAEL K. ADDO [1008971]
                                 Chief, Civil Litigation Division Section IV

                                 */s/ Robert A. DeBerardinis, Jr.*
                                 ROBERT A. DEBERARDINIS, JR. [335976]
                                 Assistant Attorney General
                                 441 Fourth Street, NW

---

[1] Defendant John Nelson does not contest service and has filed an answer to the complaint.

Sixth Floor South
Washington, DC 20001
(202) 724-6642
(202) 741-8895 (fax)
robert.deberardinis@dc.gov
*Attorneys for Defendant Rider*

## 12-I CERTIFICATION

I certify that on March 2, 2018, Plaintiffs' counsel Fareed Hayat indicated that he opposed the foregoing motion to dismiss.

*/s/Robert A. DeBerardinis, Jr.*
ROBERT A. DEBERARDINIS, JR
Assistant Attorney General

## CERTIFICATE OF SERVICE

I certify that on this 16th day of March 2018, a copy of the foregoing motion to dismiss was served electronically upon all counsel of record via CasefileXpress.

*/s/Robert A. DeBerardinis, Jr.*
ROBERT A. DEBERARDINIS, JR
Assistant Attorney General

2

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| HUBER FRESCAS | ) |
| | ) |
| Plaintiff, | ) |
| | )      **2017 CA 000591 B** |
| v. | )      **Judge Campbell** |
| | ) |
| OFFICER JOHN NELSON *et. al*, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT RIDER'S MOTION TO DISMISS THE COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS

Defendant Matthew Rider, through counsel, submits the following memorandum of points and authorities in support of his motion to dismiss the complaint on the grounds of insufficient service of process.

## CASE BACKGROUND

On January 30, 2018, Plaintiff filed his complaint against Metropolitan Police Department Officers John Nelson and Matthew Rider alleging that he was falsely arrested and beaten by the officers. On September 11, 2017, the Court dismissed the case for Plaintiff's failure to serve either Defendant with process. On December 6, 2018, the Court granted Plaintiffs' motion to reinstate the case with the proviso that Plaintiffs effected service of process within 60 days. On February1, 2018, Plaintiff filed an affidavit of service from process server Paul Koch stating that he personally served Defendant Officer Matthew Rider with process on January 16, 2018, at 11:22 p.m. at the Third Precinct Headquarters located at 1620 V Street,

3

N.W.  See Exhibit I.  Despite this purported affidavit of service, as demonstrated below, the

Court should dismiss this matter for insufficient service of process.

## ARGUMENT

Simply stated, Officer Rider denies that he was ever served with process as stated in the

affidavit.  See Declaration of Officer Rider Exhibit II.  Moreover, a review of the declaration of

Officer Rider and the affidavit of process server Koch raises serious doubts as to the accuracy of

the affidavit of the process server.

For one, the process server asserts in his affidavit that he served Officer Rider at the

Third Precinct Headquarters at 11:22 p.m.  Nevertheless, Officer Rider, according to his

declaration would have been on duty and inside Headquarters from approximately 9:00 p.m.

until 9:30 p.m. for roll call See Declaration Officer Rider ¶ 3.  Subsequently, he would have been

patrolling within the boundaries of the Third District and would not have been available to be

personally served with process at 11:22 p.m. *Id.* at ¶ 4.

Moreover, noticeably absent from the "additional comments" section of the process

server's affidavit is any commentary from which the Court could conclude with confidence that

the process server served Officer Rider as opposed to some other officer. Instead, the "additional

comments" merely states in conclusory terms that Officer Rider, a 30-year-old Caucasian male,

"received" service.  That description, is likely applicable to hundreds of officers serving in that

District.  What is lacking is how the process server determined that the officer he served was

Officer Rider as opposed to some other officer.  For example, a simple statement that the process

server saw Officer Rider's name tag or that Officer Rider responded in the affirmative when

asked whether he was Officer Rider would have colored the affidavit with some degree of

credibility.

Given Officer Rider's work schedule, his denial of service of process, and the conclusory nature of the process server's affidavit, the Court should find that Plaintiff has failed to meet his burden of establishing proof of service. *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (Plaintiff has burden of demonstrating personal jurisdiction and thus has burden of demonstrating proper service).

Plaintiff's failure to meet his burden of establishing proper service is no mere technical violation that can be overlooked by the Court. Courts lack the power to assert personal jurisdiction over a defendant "unless the procedural requirements of effective service of process are satisfied." *Gorman v. Ameritrade Holding Corp.,* 293 F.3d 506, 514 (D.C. Cir. 2002); *see also, Eldridge v. District of Columbia*, 866 A.2d 786 (D.C. 2009) (*passim*).  Moreover, courts have "uniformly held … a judgment is void where the requirements for effective service have not been satisfied." *Combs v. Nick Garin Trucking,* 825 F.2d 437, 442 & n. 42 (D.C. Cir. 1987) Moreover, failure to effect proper service is not excused by a party's awareness of suit. *Mann v. Castiel* 681 F.3d 368, 374 (D.C. Cir 2012); *Chen v. District of Columbia,* 256 F.R.D. 263. 266- 67 (D.D.C. 2009).

This Court has been more than patient with the Plaintiff who has failed to effect service as to Defendant Rider for over one year.  The Court by order dated December 6, 2018 gave Plaintiff one more chance to achieve service within 60 days.  He has failed to serve Officer Rider and as a result the Court should dismiss the claim as to that Defendant.

March 16, 2018                                  Respectfully submitted,

                                               KARL A. RACINE
                                               Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

*/s/ Michael K. Addo*
MICHAEL K. ADDO [1008971]
Chief, Civil Litigation Division Section IV

*/s/ Robert A. DeBerardinis, Jr.*
ROBERT A. DEBERARDINIS, JR. [335976]
Assistant Attorney General
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
(202) 724-6642
(202) 741-8895 (fax)
robert.deberardinis@dc.gov
*Attorneys for Defendant Rider*

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| **HUBER FRESCAS** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **2017 CA 000591 B** |
| **v.** ) | **Judge Campbell** |
| ) | |
| **OFFICER JOHN NELSON** *et. al*, ) | |
| ) | |
| **Defendant.** ) | |

## DECLARATION OF OFFICER MATTHEW D. RIDER

I, Matthew D. Rider state that the following is true to the best of my knowledge, information, and belief:

1.  I am over the age of 18 and employed as a patrol officer for the Metropolitan Police Department assigned to the Third District Headquarters located at 1620 V Street, N.W. Washington D.C.

2.  On January 16, 2018, I was assigned to the 9:00 P.M. to 7:30 A.M shift at the Third District.

3.  Roll call on that shift lasts from 9:00 P.M. to approximately 9:30 P.M.

4.  After roll call I would have undertaken my general duties while patrolling throughout the streets of the Third District during my shift.

5.  I was not served with a summons and complaint in the above-captioned case on January 16, 2018, nor have I ever been so served in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 13, 2018.

_____
Officer Matthew D. Rider

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

Huber Frescas                :
1325 Riggs Rd, N.W.      :
Washington, D.C. 20009   :
                            :
                            :   CASE NO. 2017 CA 000591 B
Plaintiff                :
                            :   JURY TRIAL DEMAND
v.                     :
                            :
Officer John Nelson      :
Metropolitan Police Department :
Third District Police Station   :
1620 V Street NW        :
Washington, DC.         :
                            :
and                   :
                            :
Officer Matthew Rider    :
Metropolitan Police Department :
Third District Police Station   :
1620 V Street NW        :
Washington, DC.         :
                            :
Defendants.           :

### <u>Plaintiff's Opposition To Defendant Rider's Motion To Dismiss</u>

Plaintiff, through undersigned counsel, responds to Defendant Rider's motion to dismiss. Plaintiff respectfully requests a hearing on this motion and asserts the following:

1. On December 18, 2017, The People's Law Firm, hired Freestate Investigation, L.L.C. as private process servers to serve the summons, complainant, and court orders on Matthew Rider and John Nelson.

2. An address of Third District Police Station, 1620 V Street NW, Washington, DC was provided for both Matthew Rider and John Nelson. See <u>Affidavit</u> attached as "Exhibit A."

3. Freestate Investigations made a total of six attempts of service on at the aforementioned address, Id.:

   a. December 30, 2017 at 23:00

   b. January 1, 2018 at 18:00

   c. January 5, 2018 at 23:15

   d. January 6, 2018, at 23:10

   e. January 10, 2018 at 23:00

   f. January 14, 2018 at 23:00

4. On each attempt Freestate Investigation L.L.C. spoke with the front desk attendant. Id.

5. On January 16, 2018, at 23:22, Paul Koch, served a male approx. 5'10" tall and 175 lbs who was in a MPDC Uniform, identified himself as Matt Rider, and who walked in from the outside into the lobby and not from behind the counter. Id.

6. On February 1, 2018, an affidavit of service was filed.

7. The District of Columbia law is clear "that the return of service by a process server may be impeached only by strong and convincing evidence, and cannot be held ineffective solely on the ground that court papers were not delivered to a defendant." Firemen's Ins. Co. of Washington, D.C. v. Belts, 455 A.2d 908, 909 (D.C. 1983). Castro v. Universal Acceptance Corp., 200 A.2d 202, 203 (D.C. 1964) ("return of the marshal is prima facie evidence of the facts stated therein and strong and convincing proof is required to rebut the presumption of its verity."); Alexander v. Polinger Co., 496 A.2d 267, 271 (D.C. 1985) ("In view of the prima facie evidence of the facts stated in the process servers' returns, clear and convincing proof is required to rebut the presumption of their verity.")

8. Mere denial of service is insufficient to "rebut the presumption" of the veracity of the return of service. Firemen's Ins. Co. of Washington, D.C. v. Belts, 455 A.2d 908 (D.C. 1983).

9. In Firemen' Ins. Co., "Appellant . . . served appellee pursuant to Super.Ct.Civ.R. 4(d)(1). The Special Process Server's affidavit showed service upon" Defendant's wife who resided with Defendant. Id. After a default judgment was entered, Defendant "denied receipt of any court papers" but the court concluded "the evidence presented was neither strong nor convincing enough to impeach the presumption of truth attached to the statements in the process server's return." Firemen's Ins. Co. of Washington, D.C. v. Belts, 455 A.2d 908, 909–10 (D.C. 1983).

10. Accordingly, like the Plaintiff in Firemen' Ins. Co., Defendant's mere assertion that he did not receive service is insufficient to "impeach the presumption of truth," and thus, this Honorable Court should deny Defendant's motion.


**Wherefore,** Plaintiff requests this Honorable Court deny Defendant's motion.



Respectfully Submitted,
____/s/_____
Fareed Nassor Hayat, Esq.
Attorney for Plaintiff
Bar No. 1016198
Notre Dame Hall #108
2900 Van Ness St., NW
Washington, DC 20008
(323) 793-3692 (Phone)
(301) 384-2313 (Fax)

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff's Reponses To Defendant's Motion To Dismiss was served via casefileXpress to counsel on the record this 29th day of March, 2018.


_____/s/_____
Fareed Nassor Hayat, Esq.

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

Huber Frescas                    :
1325 Riggs Rd, N.W.        :
Washington, D.C. 20009     :
                                  :
                                  :     CASE NO. 2017 CA 000591 B
Plaintiff                      :
                                  :     JURY TRIAL DEMAND
v.                            :
                                  :
Officer John Nelson         :
Metropolitan Police Department :
Third District Police Station   :
1620 V Street NW           :
Washington, DC.            :
                                  :
and                         :
                                  :
Officer Matthew Rider      :
Metropolitan Police Department :
Third District Police Station   :
1620 V Street NW           :
Washington, DC.            :
                                  :
Defendants.              :

## Proposed Order

Upon consideration of Defendant's motion to dismiss and Plaintiff's Opposition to Defendant's

motion to dismiss, it is hereby ordered this _____ day of _____, 2018, that Defendant's

motion is denied.

_____

Honorable Judge Campbell

**Exhibit A**

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

Huber Frescas
1325 Riggs Rd, N.W.
Washington, D.C. 20009

                CASE NO. 2017 CA 000591 B

Plaintiff

                JURY TRIAL DEMAND

v.

Officer John Nelson
Metropolitan Police Department
Third District Police Station
1620 V Street NW
Washington, DC.

and

Officer Matthew Rider
Metropolitan Police Department
Third District Police Station
1620 V Street NW
Washington, DC.

Defendants.

### Affidavit

I, Paul Koch, if called to testify would testify to the following:

1. On December 18, 2017, The People's Law Firm, hired Freestate Investigation, L.L.C. as private process servers to serve the summons, complainant, and court orders on Matthew Rider and John Nelson.

2. An address of Third District Police Station, 1620 V Street NW, Washington, DC was provided for both Matthew Rider and John Nelson.

3. Freestate Investigations made a total of six attempts of service on at the aforementioned address:

   a. December 30, 2017 at 23:00

   b. January 1, 2018 at 18:00

   c. January 5, 2018 at 23:15

   d. January 6, 2018, at 23:10

   e. January 10, 2018 at 23:00

   f. January 14, 2018 at 23:00

4. On each attempt Freestate Investigation L.L.C. spoke with the front desk attendant.

5. On January 16, 2018, at 23:22, I, Paul Koch, served a male approx. 5'10" tall and 175 lbs. He was in a MPDC Uniform and identified himself as Matt Rider. He walked in from the outside into the lobby and not from behind the counter.

Paul Koch

Freestate Investigation
717 D Street N.W.
Suite 300
Washington, D.C.
*Private Investigator/Process Server*

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| HUBER FRESCAS ) | |
| ) | |
| Plaintiff, ) | |
| ) | **2017 CA 000591 B** |
| v. ) | **Judge Campbell** |
| ) | |
| OFFICER JOHN NELSON *et. al*, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT RIDER'S REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS THE COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS

Defendant Matthew Rider, through counsel, submits the following reply to Plaintiff's

opposition to the motion to dismiss the complaint on the grounds of insufficient service of

process.

Plaintiff opposes dismissal of the complaint for insufficient service on the grounds that

"mere denial" of service of process is insufficient to overturn the process server's return of

service in view of the prima facie evidence of the facts stated in the process servers' returns,

which requires clear and convincing proof to rebut. *See Alexander v. Polinger Co.*, 496 A.2d

267, 271 (D.C. 1985).  Defendant Rider submits that he has satisfied this burden.

Defendant Rider's motion to dismiss contained more than a mere denial. As

stated in the motion to dismiss, given the officer's duty assignment he was unlikely to have been

in the precinct when the complaint was allegedly served.  Moreover, the service affidavit failed

to provide specifics regarding the service.

In response, Plaintiff has submitted what he terms an "affidavit" in which the process

Server alleges that he served an individual who identified himself as Matt Rider. Most tellingly,

the "affiant" process server did not swear to the truthfulness of his statement or execute it under penalty of perjury.  Apparently, he is not willing to stand behind his word.  Moreover, the process server in describing the person he served as 5'10" tall, 175lbs. is describing a person who is relatively slender.  Koch "Affidavit" at 5.  In contrast, Officer Rider is has a stocky build, given that he is 5' 11" and weighs 215 lbs., which is 40 lbs. heavier than the individual described by the process server.  *See* Rider Declaration (second).  Given that the process server incorrectly described the person he allegedly served and his failure to swear to the accuracy of his assertions, the Court cannot have confidence that Officer Rider was served with process.  Consequently, the case against Officer Rider should be dismissed with prejudice.

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

*/s/ Michael K. Addo*
MICHAEL K. ADDO [1008971]
Chief, Civil Litigation Division Section IV

*/s/ Robert A. DeBerardinis, Jr.*
ROBERT A. DEBERARDINIS, JR. [335976]
Assistant Attorney General
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
(202) 724-6642
(202) 741-8895 (fax)
robert.deberardinis@dc.gov
*Attorneys for Defendant Rider*